## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| SANDRA PETIT, Individually and as Administrator of the Estate of JOSEPH PETIT, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Sandra Petit ("Plaintiff" or "Ms. Petit"), individually, and as Administrator of the Estate of Joseph Petit, by and through her undersigned counsel, and files this Complaint against Defendant United States of America as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.

Plaintiff Sandra Petit, individually and as administrator of the Estate of Joseph Petit, is a resident of Henry County, Georgia, and has been a resident of the State of Georgia at all times relevant to this case and thus is a resident of the Northern District of Georgia.

1

2.

The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the course and scope of their offices and employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Georgia.

3.

Venue is proper in that Sandra Petit is a resident of the Northern District of Georgia and all, or a substantial part of the acts and omissions forming the basis of these claims, occurred therein.

4.

Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5.

This suit has been timely filed, in that Plaintiff timely served notice of her claims on The Department of Veterans Affairs on October 19, 2014 (Exhibit "A"). The Department of Veterans Affairs assumed responsibility for evaluating these claims and rendering a decision; however, The Department of Veterans Affairs denied Plaintiff's claims on December 22, 2015 (Exhibit "B").

6.

A copy of the Summons and Complaint may be served upon the Attorney General of the United States in Washington, DC and upon the United States Attorney for the Northern District of Georgia.

7.

As required by O.C.G.A.§ 9-11-9.2, Plaintiff has contemporaneously filed a Medical Authorization form (Exhibit "C").  This form contains all of the language required by said statute.  In light of _Northlake Medical Center, LLC v. Queen_, A06A0650 (07/13/06), which held that O.C.G.A.§ 9-11-92 is preempted by HIPAA, Plaintiff declines to waive any rights he may have under Federal HIPAA law.  Should anyone elect to use the Medical Authorization form in any way that violates HIPAA, they do so at their own peril.

8.

In accordance with O.C.G.A.§ 51-4-5 and/or O.C.G.A.§ 19-7-1, Plaintiff, as the natural mother/parent of Joseph Petit, who died without children, and as the Administrator of the estate of Joseph Petit, brings this action for the wrongful death of Joseph Petit, for the full economic and noneconomic value of his life, and in accordance with O.C.G.A.§ 51-4-5 and/or O.C.G.A.§ 19-7-1, for recovery of funeral and medical expenses resulting from the injury and death of Joseph Petit, for pain, suffering, and distress felt by Joseph Petit between the negligent act or omissions and his death. The Letters of Administration showing Sandra Petit as the Administrator of the Estate of Joseph Petit is attached hereto as Exhibit "D."

9.

Upon information and belief, and at all relevant times hereto, Janet L. Will, M.D. ("Dr Will") was employed by Defendant United States of America and specifically the Department of Veterans Affairs d/b/a Atlanta Veterans Medical Center.  Upon information and belief, and at all relevant times hereto, Dr. Will is and was a duly licensed and practicing physician in the State of Georgia, who undertook to care for the health of Joseph Petit on approximately November 8, 2012 through November 9, 2012, and at all times material hereto, a physician/patient relationship existed between Joseph Petit and this defendant.

10.

At all times material hereto, Dr. Will was acting within the course and scope of her employment and/or agency with the Defendant United States of America and specifically the Department of Veterans Affairs d/b/a Atlanta Veterans Medical Center (hereinafter "AVMC") and thus Defendant United States of America, is responsible for Dr. Will's negligent acts or omissions and any injuries and damages arising therefrom.

11.

Upon good information and belief, Dr. Will was the only professional health care provider who cared for Joseph Petit on behalf of Defendant United States of America, on approximately November 8, 2012 through November 9, 2012. If this is inaccurate, then any other professional health care providers who provided healthcare to Joseph Petit, on behalf of Defendant United States of America on approximately November 8, 2012 through November 9, 2012, were also acting within the course and scope of their employment or apparent employment with Defendant United States of America and thus Defendant United States of America, is responsible for their negligent acts or omissions and any injuries and damages arising therefrom.

12.

AVMC is a medical facility duly licensed in the State of Georgia which undertook through its physicians, physician assistants, nurses, techs, and/or other actual or apparent employees and/or agents on approximately November 8, 2012 through November 9, 2012 to care for Joseph Petit, and at all relevant times a medical facility and/or physician/patient relationship existed between Joseph Petit and AVMC.

## EVENTS FORMING THE BASIS OF THE CLAIMS OF SANDRA PETIT ON BEHALF OF JOSEPH PETIT

13.

Mr. Petit was a 42-year old Army veteran at the time of the events described herein.

14.

Mr. Petit's chart at the VA revealed he had a history of the following (among other things):

1)   depression;

2)   PTSD;

3)   borderline multiple personality disorder;

4)   Somatoform Pain Disorder;

5)   bilateral knee pain and low back pain;

6)     He had previously been admitted to AVMC for suicidal

       ideations and attempts, most recently in June of 2012 for

       wanting to "asphyxiate himself with a garbage bag";

7)     He had taken various medications to help control his psychiatric

       condition, including, among others, Haldol, Vistaril,

       Wellbutrin, Cymbalta, Valium, Neurontin, and Seroquel; and

8)     He was bound to a wheelchair.

## 15.

Mr. Petit went to the Emergency Room ("ER") at AVMC on November 8,

2012, via a VA transport van. His primary complaint was severe "mental crisis."

## 16.

Mr. Petit was released from the ER the same day but he remained at the

AVMC where he was seen at 3 pm by Dr. Will, who upon good information and

belief was a staff psychiatrist at the AVMC.

## 17.

Mr. Petit reported to Dr. Will that he was hearing voices and was afraid he

was going to hurt his mother. Dr. Will confirmed Mr. Petit's diagnosis of

Somatoform Pain Disorder and then released him following their visit. Dr. Will did

not admit Mr. Petit to the hospital.

18.

Mr. Petit was scheduled to be picked up by the VA transport van and driven back to his home.

19.

Dr. Will did not confirm that Mr. Petit was picked up by the VA transport van following the conclusion of their encounter.

20.

On November 9, 2012, Mr. Petit was found dead in a locked restroom at the AVMC. He was in his wheelchair with a plastic bag over his head, secured by a blue cord. The bag was consistent with the type placed in restroom trash receptacles.

21.

DeKalb County forensic investigator Linda Gochenouer determined that Mr. Petit's cause of death was suicide.

22.

DeKalb County medical examiner Gerald Gowitt, M.D., determined that Mr. Petit committed suicide by "Plastic Bag Asphyxia."

23.

All defendants have acted negligently.  As the direct and proximate cause

and result of their acts and omissions, Joseph Petit was not admitted to the hospital or psychiatric facility where he could have been monitored in a secure setting, resulting in Mr. Petit not being treated and not being prevented from committing suicide.

## COUNT I

24.

Plaintiff adopts and realleges paragraphs 1-23 of this Complaint as if fully set forth herein.

25.

During Dr. Will's course, treatment, and care of Joseph Petit and any other agents or employees of United States of America's treatment and care of Joseph Petit, Dr. Will and any other agents or employees of United States of America who treated Joseph Petit on November 8, 2012 through November 9, 2012 were required to exercise that degree of care and skill ordinarily employed by physicians or medical professionals generally when treating patients such as Mr. Petit under the same or similar circumstances as those that existed approximately November 8, 2012 through November 9, 2012.

26.

Dr. Will and any other agents or employees of United States of America who treated Joseph Petit on November 8, 2012 through November 9, 2012 deviated from the standard of care outlined in the immediately preceding paragraph in that they failed to exercise that degree of care and skill required by the medical profession in general, *inter alia,* by failing to admit Mr. Petit to the hospital or to a psychiatric facility on an emergent basis, or take some other step(s) to stabilize his psychiatric condition, and that deviation from the applicable standard of care resulted in Mr. Petit's condition deteriorating.

27.

As a direct and proximate result of Dr. Will's and any other agents or employees of United States of America that treated Joseph Petit on November 8, 2012 through November 9, 2012 failure to exercise appropriate care during their treatment of Joseph Petit, Mr. Petit committed suicide.

28.

Pursuant to O.C.G.A. § 9-11-9.1(a), attached hereto and incorporated herein by reference as Exhibit "E" is the affidavit of Manoj K. Dass, M.D., who is qualified as an expert witness on the issues raised in this Complaint.  Attached to this Affidavit is a copy of Dr. Dass's Curriculum Vitae establishing his credentials

and qualifications. Said affidavit specifies at least one negligent act or omission on the part of the defendants and the factual basis that underlies the negligent acts or omissions that resulted in injury to Joseph Petit and Plaintiff.

## PRAYER FOR RELIEF

### 29.

WHEREFORE, Plaintiff prays as follows:

(a) That the Defendant be served with summons and process and be required to answer this lawsuit;

(b) That Plaintiff recovers recompensive damages from the Defendant for special damages, mental and physical pain and suffering and all general damages allowable by law; and

(c) For any such other and further relief as the Court may deem just and appropriate.

### 30.

Plaintiffs are entitled to bad faith attorney's fees and costs of court pursuant to O.C.G.A. §§ 13-6-11 for Defendant's failure to claim any justifiable defense, thereby forcing Plaintiffs to file this lawsuit.

Respectfully submitted,


This 17th day of June, 2016.


                                        */s/ Brandon R. Taylor*
                                        Brandon R. Taylor
                                        Georgia Bar No. 108752
                                        Joseph Knight
                                        Georgia Bar No. 205544
                                        Attorneys for Plaintiff

**WEBB & TAYLOR, LLC**
400 Westpark Court, Suite 220
Peachtree City, Georgia 30269
(770) 631-1811
(770) 631-1771 (FAX)
btaylor@webb-firm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing PLAINTIFF'S COMPLAINT complies with the font and point selections approved by the Court in Local Rule 5.1C. The foregoing was prepared using Times New Roman font (14 point).

This 17th day of June, 2016.

Respectfully submitted,

<u>*/s/ Brandon R. Taylor*</u>
Brandon R. Taylor
Georgia Bar No. 108752
Joseph Knight
Georgia Bar No. 205544
Attorneys for Plaintiff

**WEBB & TAYLOR, LLC**
400 Westpark Court, Suite 220
Peachtree City, Georgia 30269
(770) 631-1811
(770) 631-1771 (FAX)
btaylor@webb-firm.com